THE STATE OF OHIO, APPELLANT, *v.* FRAZIER, APPELLEE.

(No. 78-913—Decided June 6, 1979.)

*Mr. Anthony G. Pizza,* prosecuting attorney, and *Mr. Jeffrey D. Swartz,* for appellant.
*Mr. Robert E. DeMars,* for appellee.

*Per Curiam.* R. C. 2941.25 provides, as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

The issue raised by the state in this appeal is whether the offense of aggravated robbery, committed in violation of R. C. 2911.01(A) (2), and the crime of aggravated burglary, a violation of R. C. 2911.11(A)(3), constitute "allied offenses of similar import" within the meaning of R. C. 2941.25(A), or whether these offenses are similar but, under the facts of this cause, were committed separately or with a separate animus, within the contemplation of R. C. 2941.-25(B). If the crimes are of similar import. the defendant is entitled to have one conviction set aside. See *State* v. *Osborne* (1976), 49 Ohio St. 2d 135. If not, or if the facts fall within the exception created by R. C. 2941.25(B), then both convictions must stand.

The aggravated robbery statute, R. C. 2911.01, provides, in relevant part, as follows:

"(A) No person, in attempting or committing a theft offense as defined in section 2913.01 of the Revised Code, or in fleeing immediately after such attempt or offense, shall do either of the following:

" * * *

"(2) Inflict, or attempt to inflict serious physical harm on another."

The aggravated burglary statute, R. C. 2911.11 provides, in pertinent part, as follows:

"(A) No person, by force, stealth, or deception, shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code, or in a separately secured or separately occupied portion thereof, with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony, when any of the following apply:

"* * *

"(3) The occupied structure involved is the permanent or temporary habitation of any person, in which at the time any person is present or likely to be present."

The defendant contends that because the aggravated robbery and burglary statutes are in the same chapter of the Revised Code and because both incorporate theft offenses, they are necessarily "allied offenses of similar import." In support of this contention the defendant argues essentially that which the Court of Appeals found, *i. e.*, "to uphold appellant's conviction and sentence on both charges would impose double punishment for one transaction carried out with a single intent. According to the evidence adduced at trial defendant's entry into the Dorr residence and the infliction of harm to Mrs. Dorr occurred almost simultaneously, and both the entry and the force used against Mrs. Dorr had to be carried out for the same purpose—to commit a theft offense inside the home. On the facts of this case * * * it [is] impossible to separate the aggravated burglary from the aggravated robbery with reference either to the time committed or to the animus required." 

We do not agree. Assuming, *arguendo*, that the defendant's actions in this cause constitute "allied offenses of similar import" within the contemplation of R. C. 2941.25 (A), a conclusion certainly not deducible merely by the proximity of the statutes in issue, R. C. 2941.25(B) nevertheless carves an exception to division (A) of the same statute for conduct resulting in "two or more offenses of

the same or similar kind committed separately or with a separate animus as to each * * *.'' Contrary to the belief of the Court of Appeals, we find that the defendant's conduct falls within the scope of division (B) of R. C. 2941.25.

The robbery and the burglary were committed separately. When the defendant forced the victims' door open with intent to assault Mrs. Dorr and take the victims' property, intentions fairly attributable to the defendant from the record, the burglary was completed. Whether an intended felony was committed is irrelevant to the burglary charge. (See *Boyer* v. *Maxwell* (1963), 175 Ohio St. 318, at page 319, for a similar analysis in the context of breaking and entering.) But where the intended felony is actually committed, a new crime arises for which the defendant may be convicted. The subsequent injuries inflicted upon Mrs. Dorr, in furtherance of, and in combination with, the taking of the Dorrs' property, constituted a separate offense, robbery. We do not agree with the Court of Appeals that it is impossible to separate these two offenses with reference to the time committed. The forced entry into the victims' home preceded the beating and was alone sufficient to accomplish the burglary. The testimony indicates that the entry itself could not have given rise to a charge of aggravated robbery since the physical harm was caused not by Mrs. Dorr's fall as the door was forced open, but by the subsequent beating. The fall gave the defendant access to the victims and their house. The subsequent beating facilitated the theft of the victims' property. The fall and beating were accordingly distinct in time and in the functions they served.* For reason of the foregoing the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

*This court has considered the substantive content of R. C. 2941.25 in two prior decisions: *State* v. *Donald* (1979), 57 Ohio St. 2d 73, and *Maumee* v. *Geiger* (1976), 45 Ohio St. 2d 238. In neither case, however, was the impact of division (B) of R. C. 2941.25 examined.