THE STATE OF OHIO, APPELLEE, *v.* BAER, APPELLANT.

[Cite as State v. Baer (1981), 67 Ohio St. 2d 220.]

(No. 80-417—Decided July 15, 1981.)

*Mr. Michael Miller,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellee.

*Mr. J. Tullis Rogers* and *Mr. Harry Reinhart,* for appellant.

RUTHERFORD, J.   As set forth in appellant's brief before this court, it is appellant's claim that:

"Ohio Revised Code Section 2941.25(A), the multiple count provision, has been violated when a defendant is convicted of two allied offenses of similar import: tampering with coin machines, Revised Code Section 2911.32, and theft, Revised Code Section 2913.02."

R. C. 2911.32, tampering with coin machines, in pertinent part, reads:

"(A) No person, *with purpose to commit theft* or to defraud, shall knowingly enter, force an entrance into, tamper with, or insert any part of an instrument into any coin machine." (Emphasis added.)

R. C. 2913.02, theft, in pertinent part, reads:

"(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"(1) Without consent of the owner or person authorized to give consent;"

R. C. 2941.25, multiple counts, effective January 1, 1974, reads:

"(A) Where the same conduct by defendant can be construed to constitute *two or more allied offenses of similar import,* the indictment or information may contain counts for all such offenses, but the *defendant may be convicted of only one.*

"(B) Where the defendant's conduct constitutes *two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each,* the indictment or information may contain counts for all such offenses, and the *defendant may be convicted of all of them."* (Emphasis added.)

Under the provisions of R. C. 2941.25(A) or (B), no error arises as a result of the multiple charges contained in the separate counts of the indictment, and no objection was made

to the court's instructions to the jury or to the verdict forms, which permitted the jury to return verdicts finding the defendant "guilty" as charged in each of the five counts of the indictment.

Numerous cases involving R. C. 2941.25 have come before this court since its effective date of January 1, 1974.[1]

In *State* v. *Price* (1979), 60 Ohio St. 2d 136, at 143, the force used by defendant to engage the victim in sexual conduct was found indistinguishable from the force by which the victim was restrained of her liberty, as required under the rape statute. It was held that:

"***the rape and the kidnapping herein were neither committed separately nor with a separate animus as to each. The force by which appellant removed Christa from the car to behind a nearby bush to engage in sexual conduct, as required under the rape statute, is indistinguishable from the force by which appellant restrained Christa of her liberty, as required under the kidnapping statute. In addition, there was no act of asportation distinct from the rape either in time or the function."

Accordingly, under R. C. 2941.25, the rape conviction was affirmed but the kidnapping conviction was reversed.

In *State* v. *Logan* (1979), 60 Ohio St. 2d 126, guidelines establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each, pursuant to R. C. 2941.25 (B), are set forth in the syllabus.[2]

In *State* v. *Ware* (1980), 63 Ohio St. 2d 84, at 86, it is stated:

---

[1] *State* v. *Ware* (1980), 63 Ohio St. 2d 84; *State* v. *Roberts* (1980), 62 Ohio St. 2d 170; *State* v. *Price* (1979), 60 Ohio St. 2d 136; *State* v. *Logan* (1979), 60 Ohio St. 2d 126; *State* v. *Frazier* (1979), 58 Ohio St. 2d 253; *State* v. *Harris* (1979), 58 Ohio St. 2d 257; *State* v. *Osborne* (1976), 49 Ohio St. 2d 135; *Maumee* v. *Geiger* (1976), 45 Ohio St. 2d 238. See, also, *Prince* v. *United States* (1957), 352. U. S. 322.

[2] "In establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R. C. 2941.25 (B), this court adopts the following guidelines:

"(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance indepen-

"It is clear***that the question of separate animus is not the sole focus of our inquiry in cases of this nature."

Kidnapping, in violation of R. C. 2905.01, may be by force or deception. Rape, in violation of R. C. 2907.02, may be by force or threat of force.

At page 87, upon the facts, it is further stated:

"***[W]e conclude that there was an act of asportation *by deception* which constituted kidnapping, and which was significantly independent from the asportation incidental to the rape itself.***" (Emphasis added.)

The kidnapping was the result of deception used by defendant, without force, the victim having accepted appellant's invitation to accompany him to his home to permit her to use the phone at his residence; to which they walked part way and hitchhiked a ride part way. After they arrived, appellant laughed and stated that he did not have a telephone and began for the first time making physical advances toward the victim, following which by force he carried the victim to a bedroom and by force committed rape. Convictions of both kidnapping, by deception, and rape, by force, were affirmed; the two crimes being found to have been committed separately, kidnapping by deception and rape by force.

In *State* v. *Roberts* (1980), 62 Ohio St. 2d 170, the syllabus reads:

"Where a defendant is charged with the possession for sale of a narcotic drug in violation of R. C. 3719.20(A), and with the sale of a narcotic drug in violation of R. C. 3719.20(B), and the facts demonstrate that both charges are based upon a single sale and involve the same parties and the same type and quantity of drugs, and it is not proven that the defendant possessed a quantity of any type of narcotic drug in excess of the amount sold, the defendant may be indicted for both offenses but may be convicted of only one. R. C. 2941.25(A) *applied.*" (Emphasis added.)

In *Maumee* v. *Geiger* (1976), 45 Ohio St. 2d 238, 244, the
dent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

"(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."

holding is that: "Although receiving is technically not an included offense of theft, it is, under R. C. 2941.25, 'an allied offense of similar import.' An accused may be tried for both but may be convicted and sentenced for only one. The choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the General Assembly that the election may be of either offense." See, also, *State* v. *Osborne* (1976), 49 Ohio St. 2d 135, 144, where it is stated:

"The prosecution in this instance was justified in submitting both premeditated murder and felony murder counts to the jury. The statute prohibits a conviction of both, not the submission to the jury of both. See *Maumee* v. *Geiger, supra.*

"Although the jury did find appellant guilty on both counts, the trial court set aside one of the aggravated murder counts and sentenced appellant on only the one count, thus complying with R. C. 2941.25(A)."

With respect to an election of the offense to be pursued, the case involving theft and receiving by the thief of the property stolen, because theft cannot be committed by the thief without his receiving property, is distinguishable from the instant case involving tampering with a coin machine, with purpose to commit theft and an alleged ensuing theft. In *Milanovich* v. *United States* (1961), 365 U.S. 551, 558, Justice Frankfurter stated in his dissenting opinion:

"* * * In short, taking and receiving, as a contemporaneous — indeed a coincidental — phenomenon, constitute one transaction in life and, therefore, not two transactions in law."

Tampering with a coin machine, with purpose to commit theft, and theft therefrom, do not constitute a single offense as does theft and receiving of the stolen property by the thief; thus, the prosecution ought not to be required to elect to pursue only one. Return of a jury verdict finding the defendant "not guilty" of theft would not, following further consideration by the jury, preclude a verdict finding a defendant guilty of tampering with a coin machine, with purpose to commit theft, although "not guilty" of theft where the theft was not accomplished.

In *State* v. *Harris* (1979), 58 Ohio St. 2d 257, the syllabus reads:

"Where a conviction of grand theft in violation of R. C.

2913.02 does not require proof of any element not required to be proved for a conviction of robbery in violation of R. C. 2911.02, both are the same offense for purposes of double jeopardy."

If the General Assembly, by the enactment of R. C. 2941.25, had not intended to prohibit more than one conviction and sentence in cases other than where the offenses are the same for purposes of double jeopardy; there could be no purpose in the enactment of the statute. Clearly, the General Assembly intended to extend the prohibition against multiple convictions and sentences beyond the concept of double jeopardy, by providing in R. C. 2941.25(A) that: "Where the same conduct by defendant *can* be construed to constitute two or more *allied* offenses of *similar import,* the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." (Emphasis added.) We construe the word "may" as used in R. C. 2941.25(A), to have the meaning of "shall," thus giving it the interpretation most favorable to the defendant.

The key to legislative intent from use of the words "allied offenses of similar import" in R. C. 2941.25(A), and "offenses of dissimilar import," in R. C. 2941.25(B), arises in great part from the word "import," which by dictionary definition would have reference to "allied offenses" of similar importance, consequence and signification intended from use of the word "import."

In *Prince* v. *United States* (1957), 352 U.S. 322, it is held that under the statute, the crime of entering a bank with intent to commit a robbery was merged with the crime of robbery, where the robbery was consummated. There was no evidence to support any finding of the entry or robbery being committed with any separate animus, such as could be found in a state case under the guidelines of *State* v. *Logan, supra.* In the opinion it was found to be manifestly the intent of Congress to establish entry with intent to commit a specified crime as a lesser offense in the event that the intended offense was for some reason frustrated and not completed; but in doing so, there was no indication that Congress intended also to pyramid the penalties. It is further stated in the opinion, 352 U.S. 322, at 329, that: "While reasonable minds might differ on this

conclusion, we think it is consistent with our policy of not attributing to Congress, in the enactment of criminal statutes, an intention to punish more severely than the language of its laws clearly imports in the light of pertinent legislative history." The decision was so rendered, absent any express provision of any act of Congress, prohibiting multiple convictions and sentences, such as provided by the General Assembly in R. C. 2941.25(A).

The defendant, Prince, could have been convicted and sentenced for unlawful entry into the bank with intent to commit a felony or larceny had the crime intended not been completed, but the crime intended having thereafter been consummated, under the facts of the case, the two were held to have merged into the consummated crime permitting but a single penalty.

As set forth in *State* v. *Ware, supra,* it is stated, at page 86, that: "It is clear***that the question of separate animus is not the sole focus of our inquiry in cases of this nature." We further find that the question of whether the offenses are of the same or similar kind committed separately is not the sole focus of inquiry in cases of the nature of the instant case. It is necessary to further consider whether the offenses are "allied offenses," and, if so, whether they are of similar import; in which event, under the limitation of R. C. 2941.25(A), the defendant may be convicted of only one in accordance with the statute, crimes and punishment being statutory.

The tampering with each of the separately located coin machines was with purpose to commit theft, by knowingly opening the coin machines with criminally possessed keys, which purpose was consummated by the theft therefrom. We find that the tamperings and thefts from the separate coin machines with purpose to commit theft, consummated by theft, each committed without any separate animus and for the single purpose of theft, constituted separate allied offenses of similar import as to each coin machine, as to each of which either the tampering or the theft standing alone could have constituted an offense upon which there could be a conviction absent the other.

Tampering would not have been an offense in violation of R. C. 2911.32, had it been not for the purpose to commit theft.

If tampering was not for the purpose to commit theft, but for the purpose to damaging the machine, which is not involved in this case, the charge would be of vandalism, in violation of R. C. 2909.05, or criminal mischief, in violation of R. C. 2909.07, followed by theft, in which case, circumstances not now before us would be presented.

We find the instant case to be indistinguishable in result from *State* v. *Roberts, supra,* where possession for sale of a narcotic drug was a violation of R. C. 3719.20(A). When possession for sale was consummated by a single sale of all of the narcotic drug possessed for sale, the sale was also a violation of R. C. 3719.20(B). R. C. 2941.25(A) being held applicable, there could be conviction as to only one.

Likewise, in the instant case, tampering with a coin machine with purpose to commit theft was a violation of R. C. 2911.32. When the tampering with purpose to commit theft was consummated by theft, the theft was also a violation of R. C. 2913.02. Taken together, absent a separate animus as to either, the violations of tampering with purpose to commit theft and theft constituted allied offenses of similar import, with the result that the defendant could be convicted of only one as to each of the separately located coin machines, R. C. 2941.25 being applicable.

Upon the facts, we distinguish *State* v. *Frazier, supra,* which was relied upon by the Court of Appeals. In *Frazier,* convictions upon both the offenses of aggravated burglary and aggravated robbery were affirmed. The aggravated burglary, in violation of R. C. 2911.11, was committed by entry into an occupied structure with purpose to commit therein a theft offense or any felony. Subsequent to entry of the occupied structure, but prior to theft, Mrs. Dorr was severely beaten and the excitement resulted in death of her husband. This court found that the beating facilitated the theft of the victims' property. Under the guidelines of *Logan, supra,* such conduct was *not merely incidental* to a separate underlying crime, but was sufficient separate animus to render the offenses of *dissimilar import* and thus to support separate convictions.

For the reasons set forth above, the judgment of the Court of Appeals is reversed as to the convictions and the sentences upon counts four and five of the indictments herein, *i.e.,* of

tampering with the coin machines with purpose to commit theft, in violation of R. C. 2911.32, R. C. 2941.25(A) being applied thereto. The judgment of the Court of Appeals is affirmed as to the convictions and the sentences upon counts one and two of the indictment containing the charges of theft from the coin machines, in violation of R. C. 2913.02, being felonies of the fourth degree due to a prior conviction, and affirmed as to the conviction and sentence upon count three of the indictment containing the charge of possession of the keys, with purpose to use them criminally, in violation of R. C. 2923.24, a felony of the fourth degree, all three of which were ordered to be served concurrently.

*Judgment affirmed in part
and reversed in part.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

RUTHERFORD, J., of the Fifth Appellate District, sitting for P. BROWN, J.