THE STATE OF OHIO, APPELLEE, *v.* CARROLL, APPELLANT.

(No. CA83-03-024—Decided March 12, 1984.)

*Mr. George E. Pattison,* prosecuting attorney, and *Mr. Gregory Chapman,* for appellee.

*Mr. Milton Berner,* county public defender, for appellant.

JONES, J. Appellant, Gary Wayne Carroll, was convicted by a jury of separate indictments charging him with breaking and entering in violation of R.C. 2911.13(A) and safecracking in violation of R.C. 2911.31(A). Appellant was thereupon sentenced to the Ohio State Penitentiary for two to five years on the breaking and entering charge and three to ten years on the safecracking charge, said sentences to be served consecutively.

The evidence at trial disclosed that shortly before midnight on March 9, 1982, a security alarm was set off at the Society National Bank located at State Route 28 and State Route 132 in Goshen Township, Clermont County, Ohio. Investigating officers responded almost immediately, found nothing suspicious, and left in a matter of minutes. It was subsequently learned that the security system wires were cut outside the bank, thereby triggering the alarm. It would appear that the person who caused the alarm to be cut at a nearby telephone pole concealed himself until after the police left the scene, and then entered the bank. At approximately 3:00 a.m. on March 10, 1982, an officer making a routine check discovered that the bank had been entered. Various tools, including hammers, chisels and pry bars were found on the bank floor. It was apparent that the intruders had attempted to enter a Diebold safe, but had been unsuccessful in doing so, although the safe was extensively damaged.

Between the time when the officers responded to the alarm and the discovery of the forced entrance to the bank, appellant was found in a stranded

vehicle about five minutes away from the bank; in particular, appellant was found approximately one-half hour after the police had left the bank on their first visit. Appellant gave the officer a false name. The officer arrested appellant because he recognized appellant as being wanted on outstanding warrants.

Ironically appellant's vehicle ran out of fuel within a few miles of the bank. His stranded condition was reported to the police. The officer who responded in order to offer assistance just happened to have a photograph of appellant taped to his dashboard.

Appellant's vehicle was impounded, and various items of incriminating evidence were obtained therefrom. Appellant's clothing was submitted to the FBI laboratory in Washington, D.C. for examination. An FBI agent testified at the trial that appellant's clothing contained safe insulation from a Diebold safe, to the exclusion of approximately fifty to seventy safes sold by other manufacturers, file samples of which were maintained by the FBI.

Appellant's first assignment of error is that the court erred in sentencing him to consecutive sentences, contrary to R.C. 2941.25, which reads as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

Appellant contends that since he was breaking and entering into the bank for the purpose of committing a theft offense, the attempted safecracking, being for the same purpose, i.e., a theft offense, constituted an allied offense of similar import, and that he therefore may be convicted of only one such offense. As authority for such argument, appellant cites State v. Baer (1981), 67 Ohio St. 2d 220 [21 O.O.3d 138], wherein the defendant was charged in separate counts of forcing entrance into a coin machine, for the purpose of committing theft, in violation of R.C. 2911.32, and also theft of money contained therein, contrary to R.C. 2913.02. In that factual situation, the court held that the defendant's conduct constituted "allied offenses of similar import," and that although the defendant may be indicted for both offenses, he could be convicted of only one. The purpose of the multiple counts statute is to prohibit "* * * cumulative punishment of a defendant for the same criminal act where his conduct can be construed to constitute two statutory offenses, when, in substance and effect, only one offense has been committed. * * *" State v. Roberts (1980), 62 Ohio St. 2d 170, 172-173 [16 O.O.3d 201], certiorari denied (1980), 449 U.S. 879. Roberts, supra, involved a conviction of the sale of heroin and possession of the very same heroin. Since both offenses emanated from a single transaction, R.C. 2941.25 was held to bar conviction for both charges. The case sub judice is distinguishable. It should be readily apparent that the only purpose of breaking into a coin machine is to steal the contents. One might break into a bank, however, to steal a document, to commit arson or to accomplish any of several purposes other than safecracking. In order to be found guilty of breaking and entering, R.C. 2911.13, it was necessary for the jury to find that the appellant, by force, stealth, or deception, trespassed in the bank, with purpose to commit therein some theft offense, as defined in R.C. 2913.01, or any

felony. Obviously the appellant, once inside the bank, had an opportunity to commit various theft offenses, without attempting to break into the safe. When appellant knowingly tampered with the safe, in an effort to enter it, a separate animus was involved. A case similar in many respects is *State* v. *Frazier* (1979), 58 Ohio St. 2d 253, 256 [12 O.O.3d 263], in which the court stated:

"The robbery and the burglary were committed separately. When the defendant forced the victims' door open with intent to assault Mrs. Dorr and take the victims' property, intentions fairly attributable to the defendant from the record, the burglary was completed. Whether an intended felony was committed is irrelevant to the burglary charge. * * * But where the intended felony is actually committed, a new crime arises for which the defendant may be convicted. The subsequent injuries inflicted upon Mrs. Dorr, in furtherance of, and in combination with, the taking of the Dorrs' property, constituted a separate offense, robbery. * * *"

When appellant forced open the bank's side door and entered with purpose to commit a theft offense, the breaking and entering was complete. Appellant then committed a separate crime when he attempted to break open the Diebold safe located therein. The first assignment of error is overruled.

For his second assignment of error, appellant claims that the court erred in overruling his Crim. R. 29 motion for acquittal at the conclusion of the state's case. This assignment has no merit.

Appellant's circumlocutory argument is (1) since no evidence had been presented to the jury that the material described as safe insulation was and could *only* be described as safe insulation, and (2) if such material was in fact safe insulation, it might have come from some other Diebold safe, therefore, such circumstantial evidence was insufficient to support a conclusion beyond a reasonable doubt that appellant was the same person who attempted this particular safecracking. We find, however, that the record contains substantial credible evidence from which the jury could believe that the safe insulation found on his clothing indicated that he was a participant in the crime. The weight to be given the testimony of the FBI agent regarding the safe insulation material found on appellant's clothing was a matter for the determination of the jury. Under Crim. R. 29(A), the trial court should not acquit "* * * if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261 [9 O.O.3d 401]. The second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., and KOEHLER, J., concur.