THE STATE OF OHIO, APPELLEE, *v.* DUNIHUE, APPELLANT.

(No. CA84-04-009 — Decided August 31, 1984.)

*Ronald C. Carey,* prosecuting attorney, for appellee.

*Bryant, Chappars, Rose & Dobyns* and *J. Michael Dobyns,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Clinton County.

On September 2, 1983, the Clinton County Grand Jury filed an indictment against Richard Lee Dunihue, appellant herein, containing four counts, to wit: two counts of grand theft, one count of breaking and entering, and one count of burglary. Dunihue pleaded not guilty to

each count and the matter was set for trial.

On December 29, 1983, Dunihue entered, and the trial court accepted, pleas of guilty to each of the four counts. The court thereafter sentenced Dunihue to a definite term of eighteen months on each count, with three sentences to be served concurrently and one sentence to be served consecutively to the other three. The court below also ordered Dunihue to pay court costs and to make restitution in the amount of $166.51.

Dunihue subsequently initiated this appeal and now asserts two assignments of error. As the first assignment of error presupposes the correctness of the second, we will consolidate both for purposes of discussion.

Appellant argues that the two breaking and entering offenses and the two felony theft offenses to which he pleaded guilty are allied offenses of similar import under R.C. 2941.25(A). Accordingly, he argues, the court was statutorily prohibited from punishing him on all four counts. In addition, appellant contends that it was reversible error for the court to fail to conduct a hearing after his guilty pleas in order to determine whether the crimes were allied offenses of similar import.

R.C. 2941.25 provides that:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

In applying this statute, a two-step analysis has been developed. See *State* v. *Logan* (1979), 60 Ohio St. 2d 126 [14 O.O.3d 373], and *State* v. *Mitchell* (1983), 6 Ohio St. 3d 416. First, we must look to see if the elements of the two crimes correspond to such a degree that the commission of one offense will naturally result in the commission of the other. *Mitchell, supra,* at 418. If we find the two crimes to be allied offenses of similar import, then we must determine, under R.C. 2941.25(B), whether the offenses were committed separately or with a separate animus as to each. *Id.* Where a defendant pleads to multiple offenses of similar import, and the trial court accepts the plea, the court must conduct a hearing and make a determination, before entering judgment, as to whether the offenses were of similar or dissimilar import and whether or not there was a separate animus with regard to each crime committed. *State* v. *Kent* (1980), 68 Ohio App. 2d 151 [22 O.O.3d 223].

In the case at bar, appellant claims that breaking and entering and grand theft are allied offenses of similar import. We disagree.

"Breaking and entering" is defined in R.C. 2911.13(A) as follows:

"(A) No person [,] by force, stealth, or deception, shall trespass in an unoccupied structure with purpose to commit therein any theft offense as defined in section 2913.01 of the Revised Code, or any felony."

Actually, R.C. 2911.13 defines only one of the three "breaking and entering offenses" found in Ohio's criminal law, the other two being aggravated burglary, R.C. 2911.11, and burglary, R.C. 2911.12. These three crimes are defined in terms of the degree of risk that someone may be harmed during a trespass in a structure, with breaking and entering, as defined above, presenting the least such risk. For our purposes, the key is that these crimes are complete upon the

commission of the trespass with the appropriate intent and do not require the commission of a theft offense in order to sustain a conviction.

"Theft" is defined in R.C. 2913.02 and occurs, *inter alia*, where one, with purpose to deprive the owner of property or services, knowingly obtains or exerts control over either the property or services by deception or threat, or without the consent of the owner or person authorized to give consent, or beyond the scope of the consent given. Grand theft occurs where the item stolen is a motor vehicle or has a value exceeding five thousand dollars or if the thief has previously been convicted of two or more theft offenses. R.C. 2913.02(B). The key to the theft offense is the exertion of control over the stolen items.

In *State* v. *Baer* (1981), 67 Ohio St. 2d 220 [21 O.O.3d 138], the Supreme Court held that where a defendant is charged with tampering with a coin machine, R.C. 2911.32, and theft, in connection with money stolen from the coin machine which was tampered with, the two crimes are allied offenses of similar import under R.C. 2941.25(A) and the defendant may only be convicted of one of the offenses. Appellant relies heavily upon *Baer* for his argument that breaking and entering and theft are allied offenses of similar import.

However, in *Baer, id.,* at 227, the court found that the tampering and the theft were both committed for the sole purpose of stealing the money which was inside. The tampering itself would not have been committed but to obtain access to the money within. Had the tampering been for a different purpose, say, to damage the machine, a different case would have been presented. *Id.* at 228. We do not find *Baer* to be controlling herein.

In *State* v. *Frazier* (1979), 58 Ohio St. 2d 253 [12 O.O.3d 263], a unanimous court held that aggravated burglary and aggravated robbery are not allied offenses of similar import. See, also, *Mitchell, supra* (aggravated burglary and theft are not allied offenses of similar import); *State* v. *Parson* (1983), 6 Ohio St. 3d 442. The court noted in *Frazier, supra,* at 256, that:

"* * * When the defendant forced the victims' door open with intent to assault Mrs. Dorr and take the victims' property * * * *the burglary was completed. Whether an intended felony was committed is irrelevant to the burglary charge. * * *"* (Emphasis added.)

See, also, *Boyer* v. *Maxwell* (1963), 175 Ohio St. 318 [25 O.O.2d 185]; *Foran* v. *Maxwell* (1962), 173 Ohio St. 561 [20 O.O.2d 166].

Thus, where the intended felony is actually committed subsequent to the burglary, a new crime arises for which the defendant may be convicted in addition to the burglary. The court in *Baer, supra,* at 228, distinguished *Frazier* by noting that *Frazier's* conduct was not merely incidental to a separate underlying crime. Rather, there was sufficient separate animus to conclude that the offenses were of *dissimilar* import, thus permitting separate convictions and sentences.

We find *Frazier* and *Mitchell, supra,* to be controlling herein. In *Mitchell, supra,* at 419, the court noted that the legislature defined the theft offense in terms of prohibiting the nonconsensual taking of property by whatever means, whereas the key factor found in the breaking and entering offenses, as we noted above, is the relative risk of harm to persons. In light of these facts, the court in *Mitchell* concluded that the General Assembly intended aggravated burglary and theft to be separately punishable. *Id.* For the same reasons, we conclude that theft and breaking and entering are dissimilar crimes for which a criminal defendant may be separately punished. We further note that we are not the first court of appeals to reach

this conclusion. See *State* v. *Kirksey* (Jan. 27, 1984), Allen App. No. 1-82-51, unreported; *State* v. *Newton* (June 19, 1984), Auglaize App. No. 2-83-20, unreported. See, also, our decision in *State* v. *Carroll* (1984), 14 Ohio App. 3d 51, in which we used a similar analysis to conclude that breaking and entering a bank and safe cracking are not allied offenses of similar import.

As we conclude that grand theft and breaking and entering are not similar crimes, there was no need for the court to hold a hearing to determine whether Dunihue could be sentenced for each offense. It is clear that the legislature intended the two crimes involved herein to be separately punishable.

Accordingly, we must overrule both of Dunihue's assignments of error.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.