The STATE of Ohio, Appellee,

v.

**MANGRUM, Appellant.**

[Cite as *State v. Mangrum* (1993), 86 Ohio App.3d 156.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–05–057.

Decided Feb. 1, 1993.

*Donald W. White,* Clermont County Prosecuting Attorney, and *David Henry Hoffman,* for appellee.

*Randall M. Dana,* Ohio Public Defender, and *Hyrum J. Mackay,* for appellant.

---

KOEHLER, Judge.

On December 20, 1990, the Clermont County Grand Jury returned a four-count indictment against defendant-appellant, Roger B. Mangrum, alleging various offenses involving appellant's then eleven-year-old daughter. Appellant initially entered pleas of not guilty to all four counts. On April 25, 1991, appellant withdrew his not guilty pleas and entered pleas of guilty to reduced charges, namely, two counts of sexual battery in violation of R.C. 2907.03(A)(5), one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1).

The trial court found appellant guilty pursuant to his pleas and sentenced him to two years of imprisonment on each of the sexual battery charges and on the count of gross sexual imposition, and to eighteen months on the count of disseminating matter harmful to juveniles, with each term running consecutively to the others. Appellant now appeals to this court, raising a single assignment of error:

"The trial court erred when it sentenced the defendant to consecutive sentences without conducting a separate hearing in conformity with *State v. Kent* (1980), 68 Ohio App.2d 151 [22 O.O.3d 223], 428 N.E.2d 453 and *State v. Dunihue* (1984), 20 Ohio App.3d 210 [20 OBR 256], 485 N.E.2d 764, when the offenses may be offenses of similar import pursuant to R.C. 2941.25(A)."

R.C. 2941.25 provides that:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

When a defendant pleads guilty to multiple offenses of similar import and the trial court accepts the pleas, the court has a duty to conduct a hearing and to make a determination as to whether the crimes were committed separately or with a separate animus for each offense prior to entering a judgment sentencing the defendant. *State v. Thrower* (1989), 62 Ohio App.3d 359, 376, 575 N.E.2d 863, 874; *State v. Dunihue* (1984), 20 Ohio App.3d 210, 211, 20 OBR 256, 257, 485 N.E.2d 764, 765; *State v. Kent* (1980), 68 Ohio App.2d 151, 154–156, 22 O.O.3d 223, 225–227, 428 N.E.2d 453, 456–458.

In this case, the trial court did not make a finding as to whether any of appellant's crimes constituted allied offenses of similar import. Appellant contends that the offenses for which he was convicted are allied offenses of similar import and argues that the court should have held a hearing to determine whether those crimes were committed separately or with a separate animus for each offense.[1]

---

1. We note that appellant is not challenging his guilty pleas or the findings of his guilt; appellant is only contesting the sentences imposed upon him.

A two-prong test applies for determining whether two or more crimes are allied offenses of similar import under R.C. 2941.25:

"In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses." (Emphasis *sic.*) *Newark v. Vazirani* (1990), 48 Ohio St.3d 81, 549 N.E.2d 520, syllabus.

Accordingly, we will compare the elements of the crimes for which appellant was convicted to determine whether any of those offenses are allied offenses of similar import.

Appellant was convicted of sexual battery in violation of R.C. 2907.03(A)(5), which provides that:

"No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

" * * *

"(5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis."

Appellant was also convicted of gross sexual imposition as prohibited by R.C. 2907.05(A)(4):

"No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

" * * *

"(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of such person."

Appellant's final conviction was for disseminating matter harmful to juveniles in violation of R.C. 2907.31(A)(1):

"No person, with knowledge of its character or content, shall recklessly do any of the following:

"(1) Sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile any material or performance that is obscene or harmful to juveniles."

Comparing the elements of these crimes, we find that the elements of sexual battery and gross sexual imposition do not correspond to such a degree that the commission of one offense will necessarily result in the commission of the other. For example, one may engage in sexual conduct with his or her natural or adopted child who is thirteen years of age or older and be guilty of sexual battery under R.C. 2907.03(A)(5) but not gross sexual imposition under R.C. 2907.-05(A)(4). Accordingly, these crimes are not allied offenses of similar import, and there was no need for the court to conduct a hearing to determine whether appellant's actions resulting in the sexual battery convictions and the gross sexual imposition conviction were committed separately or whether there was a separate animus for each crime. See *Dunihue, supra.* Likewise, it is apparent that disseminating matter harmful to juveniles is not an allied offense of similar import to either sexual battery or gross sexual imposition; thus, no hearing was necessary with regard to that offense.

Appellant's convictions for each count of sexual battery are allied offenses of similar import because in each count the elements of sexual battery are the same. Consequently, the trial court had a duty to hold a hearing to determine whether each count of sexual battery was committed separately or with a separate animus prior to sentencing appellant. *Kent, supra.* Because we are unable to make such a determination from the record before us, we must remand this case to the trial court to hear evidence on this question in order to determine whether appellant can be sentenced for both counts of sexual battery pursuant to R.C. 2941.25.

Accordingly, the decision of the trial court is affirmed in part and reversed in part. We affirm appellant's sentences upon his convictions for gross sexual imposition and disseminating matter harmful to juveniles, and we sustain appellant's sole assignment of error with regard to his sexual battery convictions, reversing the sentences imposed for those offenses. In addition, we remand this case for the trial court to determine whether appellant's actions resulting in the sexual battery convictions occurred separately or with a separate animus for each crime and thereafter to resentence appellant in accordance with R.C. 2941.25.

The judgment is affirmed in part and reversed in part, and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment accordingly.*

JONES, P.J., concurs.

YOUNG, J., dissents.

WILLIAM W. YOUNG, Judge, dissenting.

At the time appellant entered his plea of guilty to all four counts the prosecuting attorney gave a statement of facts to support the charges which included the following:

" * * * and during the times I mentioned on various occasions, the defendant had Regina engage in fellatio, he would have her touch his genital areas and he touched her genital areas and on occasions he would show her magazines that were pictures of adults engaging in sex acts."

The majority agrees that the only possibility of allied offenses of similar import in this case concerns the two counts of sexual battery which deal with sexual conduct when the offender is the parent of the victim. Sexual conduct includes fellatio.

I feel that the statement of facts, as given, refers to sexual conduct on various occasions, meaning more than one time, and that no further hearing is necessary to determine the propriety of imposing consecutive sentences.

I would affirm the sentence of the trial court and thus dissent.