OPINION
Defendant-appellant Clark A. Maddern appeals his conviction and sentence from the Stark County Court of Common Pleas on two counts of felonious assault with a deadly weapon, in violation of R.C.2903.11(A)(2). Plaintiff is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On May 22, 1997, appellant, Clark A. Maddern, had an argument with his ex-wife. After the argument, appellant ran his car into his ex-wife's car which contained his ex-wife, Lesa Ann Maddern, and his daughter, Samantha Maddern. As a result, both the ex-wife and the daughter were injured. On November 14, 1997, appellant was indicted on two counts of felonious assault with a deadly weapon, as defined in R.C. 2923.11, to-wit: a motor vehicle, in violation of R.C. 2903.11. One count pertained to appellant's ex-wife and the other count pertained to his daughter. At his arraignment, on December 5, 1997, appellant pled not guilty. However, on February 9, 1998, appellant changed his plea and entered a plea of guilty to both charges of felonious assault. Part of the plea agreement was that appellant would be sentenced to a four year term of imprisonment. Thereafter, the trial court sentenced appellant to two years imprisonment on each count to be served consecutively. On August 30, 1999, appellant filed a Motion for Leave to File a Delayed Appeal, pursuant to App.R. 5(A). This court granted appellant's Motion and the case was assigned to the accelerated calendar. Thereafter, appellant filed a brief pro se. Subsequently, this court granted a Motion for Appointment of Counsel and remanded the case to the trial court to appoint counsel for the appeal. The trial court complied with the court's order and appointed counsel. Thereafter, appointed counsel filed a brief on appellant's behalf. It is from his conviction and sentence that appellant prosecutes this appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND PLAIN ERROR AS A MATTER OF LAW BY NOT HOLDING A HEARING PURSUANT TO R.C. 2941.25
AND MAKING A DETERMINATION BEFORE ENTERING JUDGMENT, WHEN APPELLANT PLED GUILTY, AS TO WHETHER THE OFFENSES WERE OF SIMILAR IMPORT AND WHETHER THERE WAS A SEPARATE AND SINGLE ANIMUS WITH REGARD TO EACH CRIME COMMITTED, AND IN NOT DOING SO, DID PREJUDICE AND DEPRIVE APPELLANT OF HIS DUE PROCESS AND EQUAL PROTECTION RIGHTS AS AFFORDED UNDER THE OHIO AND U.S. CONSTITUTION.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN FAILING TO CONDUCT A HEARING PRIOR TO SENTENCING TO DETERMINE WHETHER EACH COUNT OF FELONIOUS ASSAULT WAS COMMITTED SEPARATELY OR WITH A SEPARATE ANIMUS.
 I
Appellant argues, in both assignments of error, that the trial court committed plain error in not conducting a hearing to determine whether the two felonious assault charges were offenses of similar import under R.C. 2941.25. We disagree. Initially, we note that appellant did not object in the trial court to the convictions under both charges and imposition of sentences on each charge without first conducting a R.C. 2941.25 hearing. Errors not raised below when they may readily be corrected are ordinarily waived. However, they may be reviewed by an appellate court under the plain error doctrine as set forth under Cim. R. 52(B). Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph three of the syllabus. Revised Coded 2941.25(A) states "where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." However, "where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." R.C. 2941.25(B). Although not required by R.C. 2941.25, some appellate courts have required a trial court to conduct a hearing after a guilty plea to determine if multiple charges are allied offenses of similar imports. See State v. Dunihue (1984), 20 Ohio App.3d 210,485 N.E.2d 764; State v. Mangrum (1993), 86 Ohio App.3d 156,620 N.E.2d 196. However, in the case sub judice, where the appellant pled guilty to two counts of felonious assault involving two separate victims, we find that the trial court did not need to make further inquiry. The Ohio Supreme Court considered this issue in State v. Jones (1985), 18 Ohio St.3d 116, 480 N.E.2d 408. In Jones, two passengers in the defendant's automobile were killed as a result of defendant's reckless operation of his vehicle. The Supreme Court found the defendant's conduct constituted two offensives of dissimilar import. The "import" being each person killed. Therefore, the Supreme Court concluded, the defendant was lawfully convicted and sentenced on both counts. In the case sub judice, appellant pled guilty to two counts of felonious assault pertaining to two victims. We find there was no need for a R.C.2941.25 hearing because, pursuant to Jones, the two offenses of felonious assault involving two different victims, even though arising from one course of conduct, were offenses of dissimilar import as a matter of law. Therefore, appellant could be convicted and sentenced under both counts. We find no error, and, thus, no plain error. Appellant's assignments of error are overruled.
 ___________________ Edwards, J.
Gwin, P.J. and Farmer, J. concurs