OPINION
Defendant-appellant, Mark R. Chafin, appeals his convictions and sentence on two counts of felonious assault. We affirm the convictions, but remand for sentencing.
On September 1, 1997, three men were driving in a truck on Cleveland Avenue. Appellant pulled in front of the truck, stopped his car and exited, waiving a crow bar. The truck drove off. Appellant followed the truck and ran into it with his car.
Appellant was charged with three counts of felonious assault, but was permitted to plead guilty to only two counts. The trial court allowed appellant to remain free until sentencing, telling appellant that, if he appeared for sentencing, the court would impose a two-year sentence; however, if appellant failed to appear, the court said it would impose maximum sentences. Appellant failed to appear. When appellant was apprehended, the court imposed two five-year consecutive sentences.
Appellant appeals, asserting the following assignments of error:
FIRST ASSIGNMENT OF ERROR
 Appellant's conviction of Felonious Assault on three different victims who were riding in the same automobile were allied Offenses of similar import. The sentence was imposed for two or more offenses, arising out of a single incident. The Trial Court errored [sic] when it imposed consecutive sentences under division (E) (3) or (4) of section 2929.14 O.R.C. and the consecutive sentences exceeded the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted.
 SECOND ASSIGNMENT OF ERROR
 The Trial Court errored [sic] when it sentenced the Appellant to consecutive sentences and failed to state it's reasons verbally or on the record neither did the trial court make any findings to support it's sentence pursuant to O.R.C. § 2929.19(B)(2)(C) and O.R.C. § 2953.08 (G) (1) (a).
 THIRD ASSIGNMENT OF ERROR
 The Trial Court errored [sic] when it failed to conduct a Hearing and make a determination if the two counts of Felonious Assault were Allied Offenses of similar import committed with a separate animus. Appellant relies on the court's decision in State v. Donihue (1984), 20 Ohio App.3d 210, 20 OBR. 256 N.E.2d 764, [485 N.E.2d 764].
 FOURTH ASSIGNMENT OF ERROR
 Appellant was deprived of the right to effective Assistance of Counsel in the proceedings as secured by the United States Constitution Amendment VI (6) and Ohio Constitution Article I, Section 10.
 FIFTH ASSIGNMENT OF ERROR
 The sentence is contrary to law. Notwithstanding the plea bargain the trial court failed to sentence Appellant within the statutory parameters of the plea bargained offense.
Appellant claims in his first and third assignments of error that he could only be convicted of one count of felonious assault. We disagree.
The Ohio Supreme Court in State v. Jones (1985), 18 Ohio St.3d 116, ruled that an automobile accident that caused the death of more than one person subjected the defendant to convictions for each person's death. The same rule applies to felonious assault.State v. Gregory (1993), 90 Ohio App.3d 124. Appellant's first and third assignments of error are overruled.
Appellant claims in his fourth assignment of error that his trial counsel was ineffective for failing to argue that the offenses merged. Because the offenses did not merge, appellant's fourth assignment of error is without merit.
Appellant claims in his fifth assignment of error that the trial court erred in not abiding by the plea agreement. We disagree.
A trial court is not bound by a plea agreement. The trial court explained what would happen depending on appellant's timely appearance for sentencing. Appellant did not ask to withdraw his plea, but chose to abscond. See State v. Darmour
(1987), 38 Ohio App.3d 160. Appellant's fifth assignment of error is overruled.
Appellant claims in his second assignment of error that the trial court failed to comply with R.C. 2929.14(E) when it imposed consecutive sentences. The state concedes that the trial court erred. Appellant's second assignment of error is sustained, and this matter must be remanded for sentencing.
Appellant's first, third, fourth and fifth assignments of error are overruled, and appellant's second assignment of error is sustained. The judgment of the trial court is affirmed in part and reversed in part, and this cause is remanded for re-sentencing.
LAZARUS and PETREE, JJ., concur.
QUILLIN, J., retired of the Ninth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.