OPINION YOUNG, J.
{¶ 1} Defendant-appellant, Timothy Bates, appeals his convictions in the Fayette County Court of Common Pleas for burglary and violation of a protective order. We affirm appellant's convictions.
{¶ 2} On December 18, 2000, appellant was indicted for burglary pursuant to R.C. 2911.12(A)(2) and violation of a protection order pursuant to R.C. 2919.27(A)(1). The charges were the result of appellant breaking into the house of his former wife, Karla Bates. The evidence in the record indicates that appellant and Bates separated and she obtained a protective order against him. Appellant violated the protective order on two separate occasions and was arrested. He pled guilty to those violations and was released on September 8, 2000.
{¶ 3} The day of his release, appellant called Bates to ask her to help him. She refused and hung up on him. According to appellant, he had no place to go and ended up at Bates' house, his former marital residence. Appellant pushed in a door on the first floor to enter the house. He spent the night at the house and took some items with him when he left.
{¶ 4} On June 7, 2001, appellant entered a guilty plea to amended charges. In exchange for appellant's guilty plea, the state reduced the burglary charge from a second-degree felony to a fourth-degree felony and agreed to remain silent on sentencing. The trial court found appellant guilty and sentenced him to an eighteen-month prison term for the burglary conviction and six months for violation of the protective order. The trial court ordered that the sentences run consecutively.
{¶ 5} Appellant now appeals his conviction and sentencing and raises the following four assignments of error:
 Assignment of Error No. 1 {¶ 6} "THE COURT BELOW ERRED WHEN IT CONVICTED APPELLANT OF BOTH BURGLARY AND VIOLATION OF A PROTECTIVE ORDER, THEREFORE FINDING THAT SAID OFFENSES ARE NOT ALLIED OFFENSES OF SIMILAR IMPORT AND NOT COMMITTED WITH THE SAME ANIMUS."
 Assignment of Error No. 2 {¶ 7} "THE COURT BELOW ERRED WHEN IT FAILED TO HAVE A HEARING ON THE ISSUE OF WHETHER OR NOT THE OFFENSES OF BURGLARY AND VIOLATION OF A PROTECTIVE ORDER WERE ALLIED OFFENSES OF SIMILAR IMPORT AND COMMITTED WITH THE SAME ANIMUS."
 Assignment of Error No. 3 {¶ 8} "THE COURT BELOW ERRED WHEN IT IMPOSED THE MAXIMUM SENTENCE FOR BURGLARY."
 Assignment of Error No. 4 {¶ 9} "THE COURT BELOW ERRED WHEN IT ORDERED THAT THE SENTENCES FOR BURGLARY AND VIOLATION OF A PROTECTIVE ORDER BE SERVED CONSECUTIVELY, AND FAILED TO ADVISE APPELLANT THAT THE TWO SENTENCES COULD BE ORDERED TO RUN CONSECUTIVELY, PRIOR TO SENTENCING."
{¶ 10} In his first assignment of error, appellant contends that burglary and violation of a protective order are allied offenses of similar import and the trial court erred in convicting him of both offenses.
{¶ 11} Allied offenses of similar import are governed by R.C.2941.25, which provides:
 {¶ 12} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 13} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
{¶ 14} Appellant raises several arguments to support his contention that the two offenses are allied. He argues that the force for both offenses was the same, the burglary could not have been committed without the intent to break the protection order, the two crimes were committed contemporaneously at the same location, there is a similarity in the elements of the two crimes, commission of violation of a protective order will result in commission of burglary, the same conduct was relied on for both offenses, the elements of violation of a protective order are subsumed in the elements of burglary, a burglary is implicit in violation of a protective order, and the offenses involved a single animus.
{¶ 15} Appellant's various arguments fail to apply the proper standard used to determine whether two offenses are allied offenses. When considering whether offenses are of similar import under R.C.2941.25(A), a court must compare the statutorily defined elements of the offenses and determine whether they "correspond to such a degree that the commission of one crime will result in the commission of the other."State v. Rance, 85 Ohio St.3d 632, 639, 1999-Ohio-291, quoting State v.Jones, 78 Ohio St.3d 12, 13, 1997-Ohio-256. In making this determination, the court must examine the elements of the offenses in theabstract, rather than in light of the particular facts of the case. SeeRance at paragraph one of the syllabus, and 636-639 (overruling Newarkv. Vazirani [1990], 48 Ohio St.3d 81, and language in other opinions to the contrary).
{¶ 16} If the elements of the offenses correspond to such a degree that the commission of one offense will result in the commission of the other, then "the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus." Id. at 639, citing R.C. 2941.25(B); Jones,78 Ohio St.3d at 14. "If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends — the multiple convictions are permitted." Rance at 636.
{¶ 17} Appellant was convicted of burglary pursuant to R.C.2911.12(A)(4), which states as follows:
 {¶ 18} "(A) No person, by force, stealth, or deception, shall do any of the following:
{¶ 19} "* * *
 {¶ 20} "(4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
{¶ 21} Appellant was also convicted of violating of R.C. 2919.27, which provides, in pertinent part:
 {¶ 22} "(A) No person shall recklessly violate the terms of any of the following:
 {¶ 23} "(1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code."
{¶ 24} The protection order issued in this case prohibited appellant from engaging in several courses of conduct involving his former wife, including prohibitions on harassing, following or annoying her. It also prohibited appellant from contacting Bates, including contact by telephone. The protection order further gave Bates exclusive occupancy of the marital home and prohibited appellant from entering the premises.
{¶ 25} Viewing the elements of these two offenses in the abstract, it is evident that the elements do not correspond to such a degree that the commission of one crime will result in the commission of the other. Burglary involves using force, stealth, or deception to trespass in the habitation of any person when any person is present or likely to be present. Violation of a protection order requires only that the offender violate the terms of the order. See Cleveland v. Serrano
(Nov. 10, 1999), Cuyahoga App. No. 74552 (menacing, telephone harassment and violation of a protective order are not allied offenses). Considered in the abstract, burglary would not automatically result from the violation of a protection order or vice versa. Appellant's first assignment of error is overruled.
{¶ 26} In his second assignment of error, appellant contends that the trial court erred by failing to hold a hearing on the issue of whether the offenses were allied offenses. However, the cases relied on by appellant were all decided before Rance, 85 Ohio St.3d 632, which overruled cases holding that the elements should be looked at in light of the particular facts of the case, not in the abstract. See State v.Dunihue (1984), 20 Ohio App.3d 210; State v. Nichols (Mar. 21, 1994), Madison App. No. CA93-05-013; State v. Latson (1999),133 Ohio App.3d 475; State v. Kent (1980), 68 Ohio App.2d 151.
{¶ 27} Since a court is required to first view the elements in the abstract to determine whether the elements of the two offenses correspond to such a degree that the commission of one crime will result in the commission of the other, Rance (1999), 85 Ohio St.3d at 639, there is no need to hold a hearing during the initial step of the inquiry. Only if the court finds that the elements correspond in the abstract is it necessary to look to the particular facts of a case and determine if the defendant committed the crimes separately or with separate animus. Id. at 636. Appellant's second assignment of error is overruled.
{¶ 28} In his third assignment of error, appellant argues that the trial court erred by sentencing him to the maximum for the burglary conviction. Specifically, appellant argues that the trial court erred in finding that he committed the worst form of the offense. He argues that the facts do not support a finding of the worst offense because he knew the electricity was turned off in the house and did not expect Bates to be there.
{¶ 29} An appellate court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. R.C. 2953.08(G)(1). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Crossv. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed upon the offender should be consistent with the overriding purposes of sentencing: "to protect the public from future crime by the offender" and "to punish the offender." R.C. 2929.11(A).
{¶ 30} The applicable record to be examined by a reviewing court includes the following: (1) the presentence investigative report, (2) the trial court record in the case in which the sentence was imposed, and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentenced was imposed. R.C. 2953.08(F)(1) through (3).
{¶ 31} trial court may impose the maximum term upon an offender only if the trial court finds on the record that the offender "committed the worst forms of the offense," or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). The trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C. 2929.19(B)(2)(d) and (e); State v. Beard (Sept. 5, 2000), Clermont App. No. CA2000-02-012, unreported. In considering whether an offender committed the worst form of the offense, the trial court is guided by the factors listed in R.C. 2929.12(B) and (C). In determining whether appellant is likely to commit future crimes, the court is guided by the factors in 2929.12(D) and (E). The court may also consider any other relevant factors.
{¶ 32} The trial court found both that appellant had committed the worst form of the offense and that he had the greatest likelihood of recidivism. The court found that appellant had violated the protection order two previous times, threatened to burn down the house and to kill Bates. The trial court found it troubling that appellant had repeatedly violated very specific court orders. Bates spoke at the sentencing hearing and stated that appellant had threatened to kill her, he called her at work constantly, and had threatened others. She stated that she was afraid of appellant and that his constant harassment has terrified her.
{¶ 33} Appellant argues that this cannot be the worst form of the offense because he did not expect anyone to be in the house, because the electricity was turned off, and that the prior violations of the protective order cannot be used to support a worst form of the offense finding because they enhanced the third protective order violation from a first-degree misdemeanor to a fifth-degree felony. Appellant also argues that the trial court could not consider the threats he made to the victim because they constitute the offense of aggravated menacing and are irrelevant to the burglary charge. We find appellant's arguments are without merit.
{¶ 34} The trial court is not required to compare the defendant's conduct to some hypothetical worse case form of the offense. State v.Boshko (2000), 139 Ohio App.3d 827, 836. Instead, the court must consider the totality of the circumstances surrounding the offense. Id. Thus, the court was not required to find the facts did not constitute the worst form of the offense because the electricity was not on. In addition, the court could properly consider the previous protective order violations and appellant's pattern of conduct leading up to the burglary. Appellant's third assignment of error is overruled.
{¶ 35} In his fourth assignment of error, appellant raises two arguments regarding the trial court's decision to impose consecutive sentences. Appellant first argues that the trial court failed to state the necessary language to impose consecutive sentences. A trial court may impose consecutive terms of imprisonment if it makes three findings. R.C. 2929.14(E)(4). First, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Id. Second, the consecutive terms must not be disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Id. Finally, the trial court must also find that one of the additional factors listed in R.C.2929.14(E)(4)(a) through (c) applies:
 {¶ 36} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 37} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 38} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
{¶ 39} R.C. 2929.14(E)(4) does not require the trial court to recite the exact words of the statute in a talismanic ritual to impose consecutive sentences upon an offender. Boshko, 139 Ohio App.3d at 838;State v. Finch (1998), 131 Ohio App.3d 571, 574. However, the trial court is required to state sufficient supporting reasons for imposition of such sentences. R.C.2929.19(B)(2)(c); see State v. Edmonson,86 Ohio St.3d 324, 326, 1999-Ohio-110; State v. Simpson (Apr. 3, 2000), Clermont App. No. CA99-07-078, unreported.
{¶ 40} Appellant argues that the trial court did not state in the record that "the harm caused by the multiple offenses was so great or unusual that no prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct." We note that the trial court was required to make either this finding or one of the other two findings under R.C2929.14(E)(4). While not quoting the exact words of the statute, the trial court made findings regarding the fact that appellant's current charges were committed while he was on probation for the two prior protection order violations. This statement meets the requirement of R.C. 2929.14(E)(4)(a). Thus, the trial court made the necessary findings to impose consecutive sentences.
{¶ 41} Second, appellant argues that the trial court failed to advise him that the sentences could run consecutively before accepting his guilty plea. However, In State v. Johnson (1988),40 Ohio St.3d 130, the Ohio Supreme Court stated in its syllabus: "Failure to inform a defendant who pleads guilty to more than one offense that the court may order him to serve any sentences imposed consecutively, rather then concurrently, is not a violation of Crim.R. 11(C)(2) and does not render the plea involuntary."
{¶ 42} All that is required by Crim.R. 11(C)(2)(a), prior to entering a plea, is that the defendant be advised of the maximum penalty for each charge. See id. at 133. Prior to accepting the plea, the trial court advised appellant that a fourth-degree felony carried a possible penalty of between six and 18 months and that a fifth-degree felony carries a possible penalty of six to 12 months. Pursuant to Johnson, we find that the trial court did not err by not informing appellant that the sentences could be served consecutively. Appellant's fourth assignment of error is overruled.
{¶ 43} Judgment affirmed.
WALSH, P.J., and BROGAN, J., concur.
Brogan, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV
of the Ohio Constitution.