DECISION AND JUDGMENT ENTRY
This matter is before the court as an appeal from the sentences imposed by the Erie County Court of Common Pleas.
On September 12, 1997, appellant was indicted on five counts of rape and five counts of gross sexual imposition. The first five counts charging rape, a first degree felony, were identical and read:
 "That on or about the period from November 1996 through March, 1997 [sic], at Erie County, Ohio, Troy Reidy did engage in sexual conduct with [child] (DOB 09/02/86), not the spouse of Troy Reidy and the said [child] being less than thirteen years of age, and Troy Reidy purposely compelled [child] to submit to sexual conduct by force or the threat of force, in violation of O.R.C. § 2907.02(A)(1)(b) and against the peace and dignity of the State of Ohio."
The second five counts charging gross sexual imposition as third degree felonies were also identical to each other, and read:
 "That on or about the period from November 1997 through March 1997, at Erie County, Ohio Troy Reidy did have sexual contact with [child] (DOB 09/02/86), not the spouse of Troy Reidy and the said [child] being less than thirteen years of age, whether or not Troy Reidy knew the age of [child], in violation of O.R.C. § 2907.05(A)(4) and against the peace and dignity of the State of Ohio."
At the arraignment hearing on October 3, 1997, appellant entered not guilty pleas to the ten charges. The parties negotiated a plea arrangement to allow appellant to enter guilty pleas to the first count of the indictment, alleging rape, as well as to the sixth count of the indictment, alleging gross sexual imposition. In accordance with Crim.R. 11(F), appellee presented the terms of the plea agreement as follows:
 "Mr. Reidy was originally indicted on a 10 count indictment, Counts 1 through 5, each charge being a count of Rape under 2907.02(A)(1)(B) with a force specification. Each one of those carrying life sentences. Count 6 through 10 being counts of Gross Sexual Imposition under 2907.05(A)(4), each felonies of the third degree. Through pretrial discussions in this case a plea agreement has been reached whereby Count No. 1, will be amended, it's still a charge of Rape under 2907.02(A)(1)(B), felony of the first degree, however the State is going to dismiss the specification on force. So that being a felony of the first degree now, carrying a potential penalty of 3, 4, 5, 6, 7, 8, 9 or 10 years and up to a $20,000 fine, maximum.
 "Mr. Reidy is going to enter a guilty plea to that Count 1. He is also going to enter a guilty plea to Count 6, that being a Gross Sexual Imposition under 2907.05(A)(4), a felony of the third degree carrying a potential sentence of 1, 2, 3, 4, or 5 years. Those sentences could run concurrent or consecutive.
 "In exchange the State is going to dismiss Counts 2 through 5, as well as Counts 7 through 10."
Appellant's counsel declined to correct or add anything to appellee's recitation of the agreement other than to request a referral for a presentence investigation.
The court informed appellant of the rights he was waiving by entering guilty pleas. The trial court advised appellant of the potential sentences which could be imposed and specified that the "maximum penalty on the first count is 10 years, the maximum penalty on the second count is five years, if they run * * * consecutively that would be a total of 15 years, if they would run concurrently that would be a total of 10 years." Appellant entered his guilty pleas to count one and count six of the indictment as amended. The court asked appellant if he was "pleading guilty to this offense" because he was guilty. Appellant responded affirmatively. The trial court accepted the pleas and found appellant guilty of "the offense of rape without the specification in violation of [R.C. 2907.02(A)(1)(b)" as well as "the offense of gross sexual imposition in violation of [R.C.] 2907.05(A)(4)", and dismissed counts two through five and counts seven through ten. The matter was referred to the probation department for a presentence investigation report.
On January 9, 1998, the trial court conducted a sexual predator hearing prior to sentencing. Two detectives testified about appellant's prior criminal offenses, and a psychologist employed by the probation department presented his evaluation of appellant. After considering the factors under R.C. 2950.09(B)(2), the trial court determined that appellant should be classified as a sexual predator. After explaining the obligation to register, the trial court proceeded to sentencing. Appellee requested a maximum sentence while appellant's attorney argued that a middle range sentence should be imposed for count one, and that any sentence for the second count should be served concurrently. In particular, appellant's attorney argued:
 "What this man did certainly in terms of digital penetration cannot be condoned, and he's not asking that that be condoned. He's come before this Court and admitted that. What I would strenuously suggest that this * * * impose a sentence somewhere between four and six years.
"In regards to the second offense, which has to do with gross sexual imposition, I would suggest to the Court that the statute starts out with the presumption that time is to run concurrent, * * * and therefore, that the gross sexual imposition, which related to obviously the othertouching that occurred with this child, should therefore run concurrent with the sentence on the rape." (Emphasis added.)
After considering all the evidence, including the presentence investigation and evidence and exhibits from the sexual predator hearing, the recidivism factors on the charge of rape, and the purposes of sentencing and protecting the public, the trial court sentenced appellant to serve ten years on the first count of rape. The trial court sentenced appellant to serve five years in prison on the second count, gross sexual imposition. The trial court ordered appellant to serve the sentences consecutively.
Appellant now raises the following assignments of error:
 "I. THE TRIAL COURT COMMITTED ERROR WHEN IT ENTERED CONSECUTIVE SENTENCES FOR THE OFFENSES OF RAPE AND GROSS SEXUAL IMPOSITION AS THE OFFENSES ARE ALLIED OFFENSES OF SIMILAR IMPORT UNDER OHIO REVISED CODE SECTION 2941.25(a).
 "II. THE TRIAL COURT COMMITTED ERROR IN IMPOSING THE MAXIMUM SENTENCES FOR BOTH RAPE AND GROSS SEXUAL IMPOSITION AND RUNNING THE SENTENCES CONSECUTIVELY WHEN THEY WERE NOT THE WORST FORM OF THE OFFENSES.
 "III. THE TRIAL COURT COMMITTED ERROR BY NOT PROVIDING DEFENDANT AN ACCURATE TRANSCRIPT FOR THE COURT OF APPEALS TO REVIEW HIS SENTENCING HEARING ON A PLEA TO RAPE AND GROSS SEXUAL IMPOSITION."
In his first assignment of error, appellant contends that the trial court should not have sentenced him to consecutive sentences for allied offenses of similar import. R.C. 2941.25 defines allied offenses of similar import:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
The Ohio Supreme Court recently clarified the test to be applied to evaluate claims of allied offenses of similar import. State v. Rance
(1999), 85 Ohio St.3d 632. In the first step, the statutory defined elements of the offenses are compared in the abstract. Id. at 637. Appellee has conceded that the rape and gross sexual imposition offenses may be allied offenses when compared in the abstract, at least if both occurred at the same time.
"[I]f the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus." Id. at 638-639 (citation omitted). Appellee argues that the offenses of rape and gross sexual imposition were committed separately or with a separate animus because the conduct took place from November 1996 through March 1997, or alternatively, that appellant committed multiple, independent acts of forcible sexual activity on the victim. See State v. Jones (1997), 78 Ohio St.3d 12, 14.
The indictment accused appellant of multiple incidents of rape and gross sexual imposition during the period cited by appellee. An indictment which charges that a defendant engaged in sexual conduct with another person who was less than thirteen years of age during a broadly specified internal of time is not invalid. State v. Madden (1984),15 Ohio App.3d 130, 132.
That lack of specificity, however, makes it unclear what conduct count one of the indictment referred to and what conduct count six of the indictment referred to.[1] Most importantly, it is not clear whether those two counts refer to the same conduct. Because there were five counts of rape and five counts of gross sexual imposition in the indictment, the state may have charged gross sexual imposition in the alternative, to cover five incidents. On the other hand, appellee may have charged appellant for ten incidents. The record does not reveal appellee's intentions.
In addition, no facts were presented at the plea hearing to allow us to determine whether appellant was pleading to one incident or two. While Crim.R. 11 does not require the trial court to take testimony upon a plea of guilty or no contest, a brief recitation of the facts could prevent claims such as this. While appellee did state on the record the underlying agreement upon which the negotiated guilty pleas were based, appellee did not clarify what incident or incidents counts one and six referred to.
Information was presented during the sexual predator classification hearing to suggest that appellant had engaged in sexual activity with the victim on more than one occasion as it pertained to his status and likelihood to reoffend. However, that information did not clarify the conduct to which count one or six referred to.
Until the sentencing hearing, the record provided no basis whatsoever to assess the parties' intentions regarding the content of counts one and six when they negotiated the plea bargain. Allied offenses of similar import do not merge until sentencing, since a conviction consists of a verdict and sentence. State v. McGuire (1997), 80 Ohio St.3d 390, 399.
At the sentencing hearing, however, appellant's counsel acknowledged that count six referred "obviously to the other touching." That remark may be construed to refer to two separate incidents that occurred during the period from November 1997 through March 1997, or to two separably identifiable acts that occurred in a short period of time. In either case, that admission provides sufficient information to conclude that the plea agreement was premised upon appellant pleading guilty to one count of rape and one count of gross sexual imposition that were committed separately or with separate animus. See State v Mangrum (1996),86 Ohio App.3d 156, 161 (Young, J., dissenting) (statement of facts referring to sexual conduct on various occasions, meaning more than one time, eliminates need to determine propriety of imposing consecutive sentences). Consequently, the trial court had no obligation to conduct a hearing to determine whether the crimes were committed separately or with a separate animus for each offense prior to entering a judgment sentencing appellant. Id. at 158.
Accordingly, appellant's first assignment of error is found not well taken.
In his second assignment of error, appellant contends that the trial court should not have imposed maximum, consecutive sentences because appellant's offenses were not the worst forms of the offenses of rape and gross sexual imposition. The provisions of R.C. 2929.14(C) direct when a maximum prison term may be imposed:
 "* * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
R.C. 2929.19(B)(2)(d) and (e) require the trial court to give its reasons for imposing a maximum prison term for a sentence for one offense or for two or more offenses arising out of a single incident. Thus, the trial court must determine that the offender fits into one of the categories listed in R.C. 2929.14(C) and make the necessary "finding that gives its reasons" for imposing the maximum sentence or sentences. State v.Edmonson (1999), 86 Ohio St.3d 324, 329.
The trial court determined:
 "1. The defendant committed the worst form of the offense of Rape and Gross Sexual Imposition by (1) committing the offense against a 10 year old girl who lived with him and referred to him as "Daddy"; and (2) included in his offense the use of alcohol, drugs and pornographic movies."
The trial court made the requisite finding that the offender fit into at least one of the categories listed in R.C. 2929.14(C). In this case, the category was that appellant committed the worst form of the offense. The trial court gave its reason based on the evidence in the record from the sexual predator hearing and presentence investigation report before imposing maximum sentences.
Appellant also challenges whether the trial court correctly concluded, ever after making the necessary findings, that he committed the worst form of the offense. R.C. 2929.14(C) allows maximum sentences to be imposed on those who commit the worst forms, not form, of the offense. See State v. Pickford (Feb. 29, 1999), Jefferson App. No. 97-JE-21, unreported. Perhaps more egregious sexual conduct with a child can be imagined. That does not mean, however, that appellant's offense was the type of conduct that the statutes ordinarily contemplate. Here, the trial court correctly identified factors such as appellant's paternal status in the household, the use of intoxicants and pornography, and the lengthy period of time over which the incidents occurred to conclude that appellant's conduct was one of the worst forms of the offense. We agree with the reasoning of the trial court that these factors make appellant's conduct one of the worst forms of the offenses of rape and gross sexual imposition.
Finally, appellant suggests that the trial court should not have ordered him to serve those sentences consecutively. R.C. 2929.14(E)(3) defines what a trial court must do to impose consecutive sentences:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender, that the seriousness of the offenses requires consecutive service, or that the danger posed to the public by the offender is great unless consecutive service is required, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single court of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public form future crime by the offender."
The trial court explained in great detail why it was imposing consecutive sentences. Those reasons included the need to protect the public in light of appellant's criminal record and diagnosis as a psychopath with a significant sexual pathology, the fact that appellant engaged in the conduct while on probation, and the degree of harm caused to the victim. The trial court correctly concluded that consecutive sentences were appropriate.
Accordingly, appellant's second assignment of error is not well-taken.
In his third and final assignment of error, appellant contends that because of the poor quality of the transcript provided for appeal, appellant has been deprived of an effective appeal. Appellant points out a total of two hundred and thirty-two instances where material was inaudible in a one hundred and six page transcript. Appellant acknowledges that the trial court conducted a hearing to correct the most significant twenty-seven omissions. Appellant now points to four omissions which were not resolved to his satisfaction.
Our review of the transcript shows that while there were an inordinate number of inaudible portions, the essence of the proceedings was comprehensible. Appellant has not pointed out with particularity why the four remaining omissions prejudiced him or rendered his appeal ineffectual. Those particular omissions, when read in context, do not suggest that they would raise an appealable issue.
Accordingly, appellant's third assignment of error is found not well-taken.
The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to the pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 Richard W. Knepper, J., Mark L. Pietrykowski, J., CONCUR.
[1] It can be inferred that count one and count six were charged in the alternative, or that count six was a lesser included offense to count one, and therefore refer to the same conduct.