JOURNAL ENTRY and OPINION
Appellant Michael Stansell appeals the trial court's imposed prison sentence of twenty years-to-life. Stansell agreed to the sentence as a part of a plea bargain to nolle thirty counts of a thirty-eight count indictment for sex offenses. Stansell argues that State v. Kent (1980), 68 Ohio App.2d 151, 428 N.E.2d 453
requires that the trial court inform him of the allied offense statute and to hold a voir dire hearing to determine whether any of the offenses charged were allied offenses. Stansell urges this court to remand the case to the trial court for a hearing and resentencing. He assigns the following errors for our review:
 I. THE APPELLANT/DEFENDANT WAS SENTENCED CONTRARY TO LAW WHEN THE TRIAL COURT FAILED TO HOLD A HEARING TO DETERMINE WHETHER THE OFFENSES TO WHICH HE PLED WERE ALLIED OFFENSES OF SIMILAR IMPORT.
 II. THE APPELLANT/DEFENDANT'S GUILTY PLEA IN THIS MATTER WAS NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY GIVEN AND SHOULD BE VACATED.
 III. THE APPELLANT/DEFENDANT'S CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED WHEN SUCH COUNSEL FAILED TO ASK FOR A HEARING TO DETERMINE WHETHER SOME OF THE ALLEGED ACTS WERE ALLIED OFFENSES.
Having reviewed the record and the legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
On October 23, 1997, Stansell was charged in a thirty-eight count indictment for sex offenses stemming from improper contact with two boys under age 13. Stansell was charged with five counts of rape of a child under age thirteen, five counts of forcible rape of a child under age thirteen — each with a sexually violent predator specification, ten counts of corruption of a minor, five counts of gross sexual imposition — each with a sexually violent predator specification, eight counts of illegal use of a minor in nudity-oriented material, and five counts of pandering sexually-oriented matter involving a minor.
On the day of trial, the prosecutor informed the trial court that a plea bargain had been reached. Pursuant to the agreement, Stansell was to plead guilty to two counts of rape of a child under age thirteen (counts 1 2). The parties agreed that Stansell would receive two concurrent five-to-twenty-five year sentences on those counts. The remaining counts of rape of a child under age thirteen (counts 3, 4, and 5) were to be nolled. With respect to the counts of forcible rape with a sexually violent predator specification, the prosecution agreed to delete the force language from one of the counts in exchange for Stansell's guilty plea (count 6) and to nolle the remaining counts (counts 7, 8, 9, and 10). The parties agreed to a sentence of five years to life for count 6. The agreement also called for Stansell to plead guilty to two counts of corruption of a minor (counts 11 12). The dates of offense for those counts, originally from April 8, 1996 to September 25, 1997, were amended to read from April 8, 1996 to June 30, 1996. The parties agreed that Stansell would receive a sentence of two concurrent two year prison terms for those counts. The remaining counts of corruption of a minor were nolled (counts 13 through 20). The agreement also called for Stansell to plead guilty to one count of gross sexual imposition with a sexually violent predator specification (count 21) and to receive an agreed sentence of three years to life.[1]. Counts 27 through 33 werenolled. Stansell also agreed to plead guilty to one count of pandering (count 34) and to receive a sentence of five years. The remaining counts (counts 35 through 38) were nolled.
The State described the agreed sentence as follows:
 Counts one and two are concurrent with each other, but consecutive with everything else which includes * * * count six, which is five to life, counts 11 and 12, which are concurrent to each other, two years on each, but consecutive to everything else. * * * Count 21, which is three years to life, and then counts 26 and 34, concurrent with each other, five years on each, consecutive to everything else. That comes to 20 years to life, an agreed-to sentence.
(Tr. 21-22.)
Stansell's trial counsel told the court that he discussed the plea agreement with Stansell and that Stansell would be making a knowing, intelligent, and voluntary plea. Thereafter, the trial court asked Stansell whether or not he understood that his sentences had been agreed to by the prosecutor and his lawyer. The trial court also asked whether or not he understood that the agreement would be accepted by the trial court. Stansell replied that he understood.
The court then explained to Stansell that he had the right to go to trial and to have a jury trial if he so desired, or to have a bench trial; that his right to a trial could only be waived by Stansell, not anyone else; that the possible sentence was anywhere from twenty years-to-life; that he had, the right to confront witnesses against him if he chose to go to trial; that an attorney would be appointed for him at no cost if he could not afford one; that, at a trial, the State would bear the burden of proving his guilt beyond a reasonable doubt unanimously to a jury of 12 or to a judge if Stansell waived his right to a jury trial; that he could present a defense at trial by calling witnesses, compelling their appearance by subpoena if they refused to appear voluntarily; that he would have the right to testify if he so desired but could not be compelled to testify; and that the State could not comment on his failure to testify. Stansell replied that he understood each of these rights.
 COURT: Now, you are waiving all these trial rights if you plead guilty to all these offenses here today. If you plead guilty to all these offenses, you are saying I am guilty, I accept responsibility for them, I understand the sentence, and I'm ready to go forward and receive that sentence that will total 20 to life. Do you understand that?
STANSELL: Yes, sir.
Thereafter, the trial court asked Stansell whether he was under the influence of drugs or alcohol and whether he had been threatened, coerced, or forced to enter a plea. Stansell replied "No." The court explained each count to Stansell, defined the terms used in the indictment, and explained the sentences that would be imposed. Thereafter, Stansell entered the guilty pleas as set forth in the plea agreement.
The court noted on the record that Stansell was automatically determined to be a sexual predator and explained the notification and registration requirements. Thereafter, the court imposed the agreed sentence.
Stansell, pro se, filed a motion to withdraw his guilty plea under Crim.R. 32.1, alleging that his trial counsel was ineffective. The trial court denied the motion. This appeal followed.
We will address Stansell's assignments of error in a slightly different order than set forth in his brief. In his first assignment of error, Stansell argues the trial court erred by failing to hold a hearing to determine whether some of the offenses he pled to were allied offenses of similar import. "Where a defendant pleads to multiple offenses of similar import, and the trial court accepts the plea, the court must conduct a hearing and make a determination, before entering judgment, as to whether the offenses were of similar or dissimilar import and whether or not there was a separate animus with regard to each crime committed."State v. Gregory (1993), 90 Ohio App.3d 124, 129, 628 N.E.2d 86,89, jurisdictional motion overruled (1993), 68 Ohio St.3d 1421,624 N.E.2d 195, citing State v. Dunihue (1984), 20 Ohio App.3d 210,211, 485 N.E.2d 764, 766. See, also, State v. Mangrum (1993),86 Ohio App.3d 156, 158, 620 N.E.2d 196, 197, appeal dismissed (1993),66 Ohio St.3d 1499, 613 N.E.2d 645. However, if a defendant does not raise the issue of allied offenses at trial, the issue is waived for purposes of appeal unless plain error is shown. Statev. Thrower (1989), 62 Ohio App.3d 359, 376, 575 N.E.2d 863, 874, jurisdictional motion overruled (1990), 49 Ohio St.3d 717,552 N.E.2d 951. See, also, State v. Comen (1990) 50 Ohio St.3d 206,211, 553 N.E.2d 640, 646; State v. Fields (1994), 97 Ohio App.3d 337,344, 646 N.E.2d 866, 870, motion for delayed appeal denied (1998), 84 Ohio St.3d 1427, 702 N.E.2d 903; State v. Hawkins (June 19, 1998), Montgomery App. No. C.A. 16742, unreported; State v.Crowell (June 14, 1999), Preble App. No. CA98-10-019, unreported.
Plain error consists of an obvious error or defect in the trial proceedings that affects a substantial right. Crim.R. 52(B). Under this standard, reversal is warranted only when the outcome of the proceedings below clearly would have been different absent the error. State v. Lindsey (2000), 87 Ohio St.3d 479, 482, citingState v. Long (1978), 53 Ohio St.2d 91, 7 Ohio Op.3d 178,372 N.E.2d 804, paragraph two of the syllabus. We conclude that Stansell has failed to demonstrate plain error in this case.
Gross sexual imposition is a lesser included offense of rape.State v. Johnson (1988), 36 Ohio St.3d 224, 226, 522 N.E.2d 1082,1084; State v. Jones (1996), 114 Ohio App.3d 306, 325,683 N.E.2d 87, 99. Accordingly, under R.C. 2941.25, a defendant may not be convicted of and sentenced for both gross sexual imposition and rape, when they arise out of the same conduct. Id.
 Where a defendant commits multiple., independent acts of forcible sexual activity upon a victim, R.C. 2941.25(B) permits multiple convictions. State v. Shores [(June 7, 1979), Cuyahoga App. No. 33850, unreported] (three acts of vaginal intercourse over three hour period support three rape convictions). However, where the defendant's several acts constitute one uninterrupted assaultive episode without a separate animus as to each act, R.C. 2941.25(A) permits only one conviction. State v. Nash [(Sept. 25, 1980), Cuyahoga App. No. 41450, unreported] (defendant may not be convicted of two counts of gross sexual imposition in addition to rape where he had committed vaginal intercourse and two subsequent acts of fondling during one continuous attack spanning only fifteen to twenty minutes).
State v. Abi-Sarkis (1988), 41 Ohio App.3d 333, 336,535 N.E.2d 745, 749, citing State v. Davis (Sept. 24, 1981), Cuyahoga App. No. 42610, unreported. See, also, State v. Rance (1999), 85 Ohio St.3d 632,638-639; 710 N.E.2d 699, 705 (a defendant may be convicted of allied offenses of similar import when the defendant's conduct reveals that the crimes were committed separately or with separate animus.)
Stansell argues that his convictions for rape in count 1 of the indictment and for gross sexual imposition in count 21 of the indictment were for allied offenses. He bases his argument on the fact that both counts involved the same victim and the same date of offense. It is true that both counts named the same victim. However, for each count, the date of offense was listed as "June 1, 1997-Sept. 25, 1997." See State v. Ambrosia (1990), 67 Ohio App.3d 552,587 N.E.2d 892, at paragraph one of the syllabus, appeal dismissed (1991), 58 Ohio St.3d 701, 569 N.E.2d 504 ("Under Ohio law, an indictment for repeated sexual contact need not specify the exact dates of each contact where the state does not possess or cannot reasonably obtain such information.") One cannot logically conclude that the challenged offenses occurred on the same date or were part of the same event. The record demonstrates that these sexual offenses involved two victims over a four month period. It is clear to us that they were not part of the same event.
Some Ohio courts have held that where it is impossible to conclusively determine the relationship between two offenses from the face of the record, it is appropriate for the trial court to hold a hearing to determine whether the offenses are allied offenses of similar import. State v. Smith (Sept. 21, 1998), Clermont App. No. CA97-08-074, unreported, citing State v. Shultz
(Mar. 23, 1994), Miami App. No. 93CA25, unreported. However, in this case, the record is sufficiently clear, and the trial court did not err.
State v. Latson (Sep. 30, 1999), Cuyahoga App. No. 72921, unreported, held that failing to hold a hearing was plain error in a guilty plea case where there was no agreed sentence. Here, however, Stansell agreed to the sentence of twenty years-to-life and waived any complaint regarding the allied offense statute. Stansell was originally charged with thirty-eight sex offense counts. On the day of trial, Stansell entered into a plea agreement with the prosecutor, which provided that Stansell would plead guilty to eight counts and would receive an agreed aggregate sentence of twenty years to life. The agreement here invited error unlike plain error, invited error is not reversible.
Ohio courts have repeatedly upheld plea agreements that are knowingly and voluntarily entered into even when the defendant argues his plea included allied offenses. See State v. Styles
(Oct. 9, 1997), Cuyahoga App. No. 71052, unreported, motion for delayed appeal denied (1998), 84 Ohio St.3d 1410, citing State v.Butts (1996), 112 Ohio App.3d 683, 679 N.E.2d 1170; State v. Coats
(Mar. 30, 1999), Franklin App. No. 98AP-927, unreported; State v.Graham (Sept. 30, 1998), Franklin App. No. 97APA11-1524, unreported; State v. Richard (Nov. 30, 1999), Cuyahoga App. No. 74814, unreported.
Agreed sentences are also protected by statute from appellate challenges under R.C. 2953.08(D) which provides:
 A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.
R.C. 2953.08(D) has been construed to preclude appellate review of jointly recommended sentences even where the sentences are imposed for convictions on allied offenses. State v. Henderson
(Sept. 27, 1999), Warren App. No. CA99-01-002, unreported, citing Coats.
 Although there is semantic tension in attempting to reconcile literal applications of the allied offenses statute and the R.C. 2953.08(D) bar to challenge such sentences, practicality and reason dictate enforcement of a valid plea agreement * * *. Since the ultimate purpose of the allied offenses statute is to prevent unfair, cumulative punishments for identical conduct, appellant's express agreement to such a sentence should withstand any attack claiming inequity or unlawfulness in the name of allied offenses.
Id.
For the foregoing reasons, Stansell's first assignment of error is overruled.
In his third assignment of error, Stansell argues he was denied the effective assistance of trial counsel by trial counsel's failure to request a hearing to determine whether some of the crimes to which he pleaded guilty were allied offenses. To warrant a reversal for ineffective assistance of counsel, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. State v. Stojetz (1999), 84 Ohio St.3d 452,457, 705 N.E.2d 329, 337, certiorari denied (1999), ___ U.S. ___,145 L.Ed.2d 376, 120 S.Ct. 455. See, also, State v. Mitts (1998),81 Ohio St.3d 223, 234, 690 N.E.2d 522, 532, reconsideration denied (1998), 82 Ohio St.3d 1444, 695 N.E.2d 266.
Because we concluded in our discussion of Stansell's first assignment of error that the trial court was not required to hold a hearing on the issue of allied offenses, we conclude that trial counsel did not act unreasonably in failing to request such a hearing and, therefore, overrule Stansell's third assignment of error. See State v. Stoll (June 13, 1997), Lucas App. No. L-96-112, unreported, motion for delayed appeal denied (1999), 86 Ohio St.3d 1465,715 N.E.2d 567. See, also, Strickland v. Washington
(1984), 466 U.S. 668, 700, 104 S.Ct. 2052, 2071, 80 L.Ed.2d 674, rehearing denied (1984), 467 U.S. 1267, 104 S.Ct. 3562,82 L.Ed.2d 864. ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.")
In his second assignment of error, Stansell argues his guilty plea should be vacated because the trial court's failure to inform him of the allied offenses statute renders his plea invalid. Citing State v. Kent, Stansell argues he did not make a knowing, intelligent and voluntary plea because he was not advised of the allied offense statute. In Kent, the court recognized that a defendant who has pled guilty to multiple offenses of similar import could make such an argument. However, in Kent, there was no agreement as to the sentence that would be imposed. In this case, Stansell received an agreed sentence as part of his plea bargain. As discussed in our examination of Stansell's first assignment of error, a plea agreement entered knowingly, intelligently, and voluntarily as required by Crim.R. 11 will be upheld even when the defendant argues his plea included allied offenses. The trial court's imposition of the sentence agreed to by Stansell and the prosecution as part of a proper plea bargain may not be challenged on appeal. See Henderson ("[A]ppellant's claim that his sentence violates R.C. 2941.25 is not subject to appellate review since he knowingly and voluntarily entered a negotiated plea agreement pursuant to R.C. 2953.08(D)"); Coats; State v. Stacy (May 10, 1999), Warren App. No. CA98-08-093, unreported, appeal dismissed (1999), 86 Ohio St.3d 1488, 716 N.E.2d 720; State v. Graham (Sept. 30, 1998), Franklin App. No. 97APA11-1524, unreported.
We also reject Stansell's claim that his guilty plea was not knowingly, voluntarily, and intelligently given. Crim.R. 11 mandates that, before accepting a guilty plea, a trial court must "inform a defendant of the right to counsel and must personally address the defendant to determine whether (1) the plea is being made voluntarily and with knowledge of the charges and potential penalties involved; (2) the defendant understands the effect of the guilty plea; and (3) the defendant understands that the guilty plea constitutes waiver of the rights to jury trial, to confront and call witnesses, to have guilt proved beyond a reasonable doubt, and to be tried with the right not to testify." State v. English (Jan. 5, 2000), Lorain App. No. 99CA007305, unreported, citing Crim.R. 11(C) and State ex rel. Stern v. Mascio (1996), 75 Ohio St.3d 422,424, 662 N.E.2d 370, 372, reconsideration denied (1996), 75 Ohio St.3d 1489,664 N.E.2d 540.
Our review of the extensive conversation between the trial court and Stansell reveals that before accepting Stansell's guilty plea, the trial court complied with Crim.R. 11 by fully informing him of his rights, ascertaining that he understood those rights, determining that he was not under the influence of drugs or alcohol, finding that he was not coerced into entering a plea and determining that he fully understood the potential sentence. Under the circumstances, we conclude that Stansell's guilty plea was knowingly, intelligently, and voluntarily made and, therefore, we overrule Stansell's second assignment of error. Consequently, we decline to extend Kent to plea-bargained-for sentences. Any other ruling would frustrate the intent of the plea bargain procedure.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J., and PORTER, J., CONCUR.
 ______________________________ PATRICIA ANN BLACKMON, JUDGE
[1] R.C. 2971.03(A)(3) provides "[I]f the offense is an offense other than aggravated murder, murder, or an offense for which a term of life imprisonment may be imposed, [the trial court] shall impose an indefinite prison term consisting of a minimum term fixed by the court from among the range of terms available as a definite term for the offense, but not less than two years, and a maximum term of life imprisonment."