OPINION
Defendant, Curtis Williams, appeals from his conviction and sentence for aggravated burglary and robbery.
On May 22, 1999, Curtis Williams and his passenger, Dwayne Johnson, drove to the home of Ruby Allen located at 4906 Infirmary Road, Miamisburg, Ohio. Williams pulled into the driveway and Johnson got out of the car and proceeded up to the front door. Meanwhile, Williams turned the car around in the driveway so that the front of the car faced the street. Williams waited inside the car with the engine running.
When nobody responded to his knocks at the front door, Johnson kicked the door open and entered the residence. Inside, Johnson encountered eighty-four year old Ruby Allen. Johnson told Allen, "Give me your money and you won't get hurt." When Ruby Allen handed Johnson her purse, he dumped the contents out, took her wallet and ran out the front door. Johnson got back into Williams' waiting vehicle and the two men sped away.
A neighbor of Ruby Allen who had been sitting outside on his porch watching these events called police. A short time later police stopped Williams' vehicle just two miles from the crime scene. A search of Williams' vehicle revealed Ruby Allen's wallet underneath the passenger seat. Williams was returned by police to Ruby Allen's residence where the neighbor who had called police positively identified Williams as the driver of the getaway car.
Curtis Williams was indicted on one count of Aggravated Burglary, R.C. 2911.11(A)(1), and one count of Robbery, R.C.2911.02(A)(3). Following a jury trial Williams was found guilty on both counts. The trial court sentenced Williams to two consecutive five year terms of imprisonment.
From his conviction and sentence Williams has timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR APPELLANT'S CONVICTION FOR AGGRAVATED BURGLARY AND ROBBERY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 Curtis Williams was found guilty of Aggravated Burglary, R.C. 2911.11(A)(1), and Robbery, R.C. 2911.02(A)(3). Those statutes provide respectively:
R.C. 2911.01
 (A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 (1) The offender inflicts, or attempts or threatens to inflict physical harm on another.
R.C. 2911.02
 (A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
* * *
 (3) Use or threaten the immediate use of force against another.
Ohio's complicity statute, R.C. 2923.03, provides:
 (A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
(1) Solicit or procure another to commit the offense;
(2) Aid or abet another in committing the offense;
 (3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;
 (4) Cause an innocent or irresponsible person to commit the offense.
 A weight of the evidence argument challenges the believability of the evidence, and asks which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563, unreported. The proper test to apply to that inquiry is the one set forth in State v. Martin
(1983), 20 Ohio App.3d 172, 175:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the factfinder lost its way. State v. Bradley (October 2, 1997), Champaign App. No. 97-CA-03, unreported.
The State's theory in this case was that Curtis Williams aided and abetted Dwayne Johnson in committing aggravated burglary and robbery. Williams' contrary theory, on the other hand, was that he was not an accomplice, that Johnson acted alone in committing those crimes, and that Williams was merely present at the scene during the commission of those offenses. An examination of the evidence presented at trial, however, reveals that Williams was much more than "just present" when those crimes were committed.
Although Williams did not enter Ms. Johnson's residence, he twice drove past her house late at night at a very slow speed before pulling into the driveway. While Johnson approached the front door, Williams turned the car around in the driveway so that it faced the street and Williams waited inside that car with the engine running, making a quick get away possible. After Johnson forcibly entered that home and took Ruby Allen's wallet from her, Johnson ran out of that house and got back into Williams' waiting car, whereupon Williams sped away from the scene, running a stop sign in the process.
From this evidence the jury could reasonably conclude that Curtis Williams was not merely an innocent bystander to these events but rather an active participant in the crimes involved. Reviewing this record, we cannot say that the evidence weighs heavily against a conviction, that a miscarriage of justice has resulted, or that the jury lost its way in choosing to believe the State's version of these events instead of Williams' version. Williams' conviction is not against the manifest weight of the evidence.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN ORDERING CONSECUTIVE SENTENCES AS THE WITHIN OFFENSES OF AGGRAVATED BURGLARY AND
ROBBERY ARE ALLIED OFFENSES OF SIMILAR IMPORT.
 Williams argues that because aggravated burglary and robbery as charged in this case are allied offenses of similar import, pursuant to R.C. 2941.25(A) he can be convicted and sentenced on only one of those offenses. We are not persuaded.
R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
In State v. Nicholas (1993), 66 Ohio St.3d 431, the Ohio Supreme Court reiterated the two step analysis employed to determine whether multiple crimes constitute allied offenses of similar import:
 "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses."
 Id. at 434.
In comparing the elements of the offenses, those statutorily defined elements are compared in the abstract. State v. Rance
(1999), 85 Ohio St.3d 632.
Aggravated burglary as charged in this case is defined by R.C. 2911.11(A)(1) as follows:
 No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 The offender inflicts, or attempts or threatens to inflict physical harm on another
 Robbery as charged in this case is defined in R.C. 2911.02(A)(3):
 No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 Use or threaten the immediate use of force against another.
 Comparing the elements of these two offenses, it is clear that commission of one offense does not necessarily result in commission of the other. For instance, one may trespass in an occupied structure with a purpose to commit some criminal offense other than a theft offense. On the other hand, one may use or threaten the immediate use of force against another person in attempting or committing a theft offense in a place other than in an occupied structure. Therefore, aggravated burglary and robbery as charged in this case are not allied offenses of similar import. Accord: State v. Fowler (Feb. 1, 1999), Mahoning App. No. 96CA58, unreported; State v. Rack (Aug. 13, 1990), Warren App. No. CA89-10-057, unreported. Rather, they are offenses of dissimilar import, and Williams may be convicted and sentenced for both.
Furthermore, once Johnson kicked open the front door and entered the residence for the purpose of stealing the victim's property or committing some other criminal offense, the aggravated burglary was complete. The subsequent taking by Johnson of the victim's wallet under threat of force constituted a separate offense, robbery, which was committed separately in time. Statev. Frazier (1979), 58 Ohio St.2d 253. Accordingly, Williams can be convicted of both offenses. R.C. 2941.25(B).
The second assignment of error is overruled. The judgment of the trial court will be affirmed.
FAIN, J., and YOUNG, J., concur.