JOURNAL ENTRY AND OPINION
Defendant-appellant Raneze Conway appeals from his conviction for burglary in violation of R.C. 2911.12. The trial court sentenced the appellant to a three-year term of incarceration.
For purposes of appeal, the parties do not significantly disagree as to the facts of the present case. The transcript reveals that on May 4, 1999, the victim, Maurissa Ellis, then aged ten, arrived home from school to find the appellant seated on a chair in her driveway. She hurried to unlock the door of her home. When she attempted to close the door behind her, the appellant pushed on the door, prohibiting her from closing it. Ms. Ellis then left the door and ran to the telephone in her mother's bedroom. The attempt to contact her mother was not successful, but Ms. Ellis did speak with her uncle. During the commission of this crime, Mrs. Conway was attending a family funeral. While she was on the telephone, the appellant entered the bedroom. His pants were pulled down and the appellant was rubbing his penis. He inquired of Ms. Ellis: What's up, Maurissa? (T. 118). Ms. Ellis then hung up the telephone, ran past the appellant, exited the house, and fled to a friend's home around the corner. From this location, Ms. Ellis was able to successfully contact her mother. Ms. Ellis was crying and testified that she was both frightened and mad. The appellant was not unknown to Ms. Ellis as he is the nephew of her stepfather. The appellant had been to the home on one or two prior occasions with Ms. Ellis' stepfather.
Subsequent to the police investigation and the appellant's arrest, the appellant was indicted on one count of burglary and one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31. The indictment for burglary does not set forth a specific underlying crime, but states generally that the appellant trespassed in an occupied structure with the purpose to commit a criminal offense. Discovery proceeded and on July 14, 1999, the appellant moved the court to dismiss the second count of the indictment, arguing that disseminating matter harmful to juveniles was a general statute and that the appellant's alleged conduct was more clearly defined as a crime by R.C. 2907.09, public indecency. This motion was overruled by the trial court.
Trial commenced on November 16, 2000. At the close of the appellee's case, the court granted the appellant's Crim.R. 29 motion to dismiss the charge of disseminating matter harmful to juveniles. However, the record indicates that there was a discussion between counsel and the court regarding the court's intent, at the State's request, to substitute public indecency in place of disseminating matter harmful to juveniles as the necessary criminal offense element of the burglary charge. The appellant objected because public indecency is neither a lesser-included offense nor an allied offense of disseminating matter harmful to juveniles and because the grand jury had not issued the charge as a part of the indictment.
In response to these objections, the trial court made clear that the issue of substituting the crime of public indecency in the place of disseminating matter harmful to juveniles was raised the previous day, and had not been raised as a surprise during the last twenty minutes of trial (T. 209-210). The trial court then overruled the appellant's Crim.R. 29 motion. The jury instructions included public indecency as an element of the charge of burglary.
The appellant asserts one assignment of error:
 THE APPELLANT WAS IMPROPERLY CONVICTED OF AN OFFENSE THAT INCLUDED ELEMENTS THAT WERE NOT ORIGINALLY PRESENTED TO THE GRAND JURY.
The appellant asserts that his due process rights were violated when the trial court substituted public indecency in place of disseminating matter harmful to juveniles as the underlying crime required for the charge of burglary. The appellant argues that this substitution violated his right to have probable cause on each and every element of the crime determined by a grand jury.
R.C. 2911.12(A)(1) sets forth the elements of the crime of burglary as follows:
 (A) No person, by force, stealth, or deception, shall do any of the following:
 (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;
The Ohio State Supreme Court, in State v. Lilly (1999), 87 Ohio St.3d 97, cited to the 1974 Legislative Service Commission Comment to R.C. 2911.12
and noted that the law of burglary evolved out of a desire to protect the habitation. The court stated that intrusions into habitations are dangerous to occupants, and therefore, "the offense is viewed as serious, because of the higher risk of personal harm involved in maliciously breaking and entering an occupied, as opposed to an unoccupied, structure." Certainly, in the case sub judice the risk of harm to the victim was serious and has not been taken lightly by this court.
To begin the analysis, this court notes that, as the statute clearly sets forth, in order to convict a defendant for burglary, the state must prove as an element of the crime that while committing the trespass, the defendant had an intent to commit a criminal offense. In State v. Frazier (1979), 58 Ohio St.2d 253, the Supreme Court considered the question of whether or not aggravated robbery and burglary are allied offenses of similar import. In determining that they were not, the court noted that whether an intended felony is committed is irrelevant to a burglary charge. However, where the intended felony is actually committed, a new crime arises for which the defendant may be convicted. Id. at 256. This court has held that an indictment for aggravated burglary must include the element that the defendant had the intent to commit a felony, but that the indictment is not improper if it does not designate and define the particular felony intended to be committed. State v. Castell (August 20, 1992), Cuyahoga App. No. 61352, unreported.
Upon considering vastly different factual circumstances, this court again stated that the burglary statute requires that a defendant enter into another's home with the purpose to commit an offense, but that the commission of the offense is irrelevant. Specifically, this court noted that the requirement is only that there be a purpose to commit the offense. State v. Colegrove (1998), 123 Ohio App.3d 565. Finally, this court has stated that because the intent of an accused is only in the mind and is not ascertainableby another, it cannot be proved by direct testimony, but rather must be determined from the surrounding facts and circumstances. State v. Fields (March 5, 1992), Cuyahoga App. No. 60022, unreported.
In the case now before this court, it is important to include in the analysis the fact that the indictment for burglary did not specify the underlying crime. The grand jury did issue an indictment for a separate crime, but the trial court dismissed the charge. Whether or not the underlying crime originally charged was actually committed is not relevant. Whether or not any underlying crime was committed is not relevant. Frazier, supra. Since the indictment for burglary was not specific, this dismissal does not prohibit the trial court from proceeding on the burglary charge. Rather, the jury was required to determine, and did determine, only whether or not the appellant had committed the crime of burglary. In the course of its determinations, the jury was required to consider whether or not the appellant entered the dwelling with the purpose to commit a crime. The jury reached its conclusions based on the facts and circumstances presented during the trial and obviously determined that the appellant had such a purpose.
The appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and, FRANK D. CELEBREZZE, JR., J., CONCUR.